FILED
United States Court of Appeals
Tenth Circuit

August 27, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HOMERO C. TAPIA, a/k/a Omaro
Tapia Cardenas, a/k/a Homero
Tapia-Cardenas,

Defendant–Appellant.

No. 07-1499
(D.C. No. 1:00-CR-00149-LTB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Homero C. Tapia appeals his sentence of 60 months' imprisonment

imposed following his plea of guilty to one count of interstate travel in aid of

racketeering in violation of 18 U.S.C. § 1952(a). In a brief filed pursuant to

Anders v. California, 386 U.S. 738 (1967), Tapia's counsel asserts that there are

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

no nonfrivolous arguments for presentation on appeal and moves for leave to withdraw. Because we agree that there are no meritorious issues for appeal, we affirm the sentence and grant counsel's motion to withdraw. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

**I**

On April 12, 2000, a grand jury indicted Tapia on one count of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and 18 U.S.C. § 2.

On July 11, 2003, an information was filed charging Tapia with one count of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a). On the same day, pursuant to a plea agreement in which the government agreed to move to dismiss the April 12 indictment with prejudice, Tapia pleaded guilty to the interstate travel in aid of racketeering count. In the plea agreement, Tapia stipulated that he possessed 2,040 grams of actual (100% purity level) methamphetamine at the time of his arrest. The district court continued Tapia's bond, released him to the supervision of pretrial services, and set sentencing for September 23, 2003.

Before sentencing, however, Tapia disappeared. The district court revoked Tapia's bond and issued a warrant for his arrest. Nearly four years later, on August 12, 2007, Tapia was stopped for a traffic offense in Oklahoma and arrested on the Colorado warrant. On November 16, 2007, Tapia appeared in the

District of Colorado to be sentenced on the interstate travel in aid of racketeering conviction.

The initial 2003 presentence report ("2003 PSR") specified a base offense level of 30. By itself, the quantity of actual methamphetamine Tapia possessed would have resulted in a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1). But, because Tapia qualified for a reduction for a mitigating role in the offense, his base offense level could not exceed 30. See § 2D1.1(a)(3); § 3B1.2. Following a two-level safety valve adjustment, see § 2D1.1(b)(6), a two-level minor role adjustment, see § 3B1.2(b), and a three-level acceptance of responsibility adjustment, see § 3E1.1(b), the total offense level was 23. Tapia had a criminal history category of I, so the United States Sentencing Guidelines ("Guidelines") range specified in the 2003 PSR was 46 to 57 months' imprisonment. Under the plea agreement, the government agreed to recommend a sentence of 46 months' imprisonment.

In 2007, following Tapia's disappearance and subsequent re-arrest, the Probation Office prepared a new presentence report ("2007 PSR"). Because Tapia failed to appear for his original sentencing hearing and absconded for approximately four years, the 2007 PSR no longer recommended a three-level downward adjustment for acceptance of responsibility, see § 3E1.1(b), and instead recommended a two-level upward adjustment for obstruction of justice, see § 3C1.1. Accordingly, the total offense level calculated in the 2007 PSR was

- 3 -

28. With his criminal history category I, this would ordinarily result in a Guidelines sentence of 78 to 97 months. Ch. 5, Pt. A. But, pursuant to 18 U.S.C. § 1952(a)(3)(A), the statutory maximum sentence was 60 months. Thus, the Guidelines sentence was also 60 months. See § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Tapia did not contest this calculation either in response to the 2007 PSR or during the sentencing hearing. Accordingly, the district court imposed a sentence of 60 months' imprisonment and, upon the government's motion, dismissed the indictment charging Tapia with possession with intent to distribute. This appeal followed.

**II**

If an attorney examines a case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. The client may then choose to offer argument to the court. If, upon complete examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. Acting pursuant to Anders, counsel in the present case provided Tapia with a copy of the appellate brief. Tapia filed a pro se

response to the brief that, construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), challenged his sentence as unreasonable.

The only arguably appealable ground raised in defense counsel's brief or Tapia's response—and the only appealable ground we discern in the record—is the reasonableness of Tapia's sentence. We review the district court's sentence for reasonableness, United States v. Booker, 543 U.S. 220, 261 (2005), which constitutes review for abuse of discretion, Gall v. United States, 128 S. Ct. 586, 594 (2007). "Reasonableness includes a procedural component, which includes how the sentence was calculated, and [a] substantive component concerning the length of the sentence actually imposed." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008). When a district court correctly calculates the Guidelines range based on factual findings that were not clearly erroneous and imposes a sentence within that range, the sentence is entitled to a presumption of reasonableness. Id. at 1262; see Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (permitting courts to apply a presumption of reasonableness to within-Guidelines sentences on appeal).

In this case, there was no dispute concerning the facts underlying the Guidelines calculation, and there is no evidence that the factual findings were clearly erroneous. Tapia's offense level of 28 was correctly calculated based on his failure to appear for sentencing and evasion of the law for nearly four years, and the adjustment of the calculation to the statutory maximum was also correct.

- 5 -

Based on the facts presented, the district judge correctly calculated the Guidelines sentence of 60 months, and he stated that he saw no grounds for a departure or variance. We presume that this sentence was reasonable and see no evidence to overcome that presumption. The district judge chose not to vary from the Guidelines sentence upon hearing Tapia's reasons for failure to appear at sentencing, and that was not an abuse of discretion. The Guidelines sentence was reasonable.

### III

Accordingly, because Tapia has failed to present us with any meritorious grounds for appeal, we **AFFIRM** Tapia's sentence and **GRANT** defense counsel's motion to withdraw.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge